# In the United States Court of Federal Claims

No. 21-1505
(Filed:  19 April 2022)
NOT FOR PUBLICATION

```
*************************************
RONNIE DANSBY,                      *
                                    *
                Plaintiff,          *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
*************************************
```

*Ronnie Dansby*, *pro se*, of Austin, Texas.

*Margaret J. Jantzen*, Trial Attorney, with whom were *L. Misha Preheim*, Assistant Director, *Martin F. Hockey, Jr.*, Acting Director, *Brian M. Boynton*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, D.C., for the defendant.

## <u>ORDER</u>

**HOLTE**, **Judge**.

*Pro se* plaintiff Ronnie Dansby filed a complaint alleging veterans benefit, statutory, and constitutional violations against the Department of Veteran Affairs.  The government moved to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.  For the following reasons, the Court **GRANTS** the government's motion to dismiss.

## I.  Background

### A.  Factual History

The Court draws the following facts from plaintiff's filings, "accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader." (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))).

Plaintiff is a retired veteran residing in Austin, Texas.  Compl. at 2, ECF No. 1; *see* Pl.'s Resp. Def.'s Mot. Dismiss/52.1 Mot. ("Pl.'s MTD Resp.") at 2, ECF No. 12.  Plaintiff alleges "[t]he denial of due process of law" began when he requested a "verbatim transcript" of "an [a]dministrative [d]ischarge hearing held at Marine Corps Air Ground Combat Command" on 26 February 1983.  Compl. at 2.  Then in 1998, plaintiff "appear[ed] before the Navy Marine Corps Discharge Review Board."  *Id.*  At the hearing, plaintiff alleges "[t]he board changed [his] charter of service . . . from [o]ther than [h]onorable to [g]eneral [u]nder[ h]onorable."  *Id.*

On 17 December 2020, plaintiff contends "the Board of Veterans Appeals" ("VA Board") of the Department of Veterans Affairs ("VA") "den[ied] to hear [his] appeal regarding a different effective date for PTSD[,]" constituting "a denial of due process of law . . . ."  *Id.*  Plaintiff brought this "veterans benefit claim," Pl.'s MTD Resp. at 2, because "[t]he [VA] has refused to make the[] corrections" to his disability designation.  Compl. at 3.  When he "request[s] benefit letters," he claims "the letters still reflect an [o]ther than [h]onorable period of service[, and] some in fact show a [d]ishonorable period."  *Id.*  Plaintiff broadly contends the military benefit designation and due process violations are "affecting [his] [m]ilitary [d]isability [r]etirement [p]ay," *id.* at 1, "in violation of the statutes and the law."  *Id.* at 3.  Plaintiff claims "[t]ens of [t]housand[s]" of dollars in damages.  Cover Sheet at 1, ECF No. 1-1.  Additionally, plaintiff requests:  (1) the VA issue the effective date for his award of disability as February 1983; and (2) he receive constructive activity credit dating back to 1998.  Compl. at 4.

### B.  Procedural History

Plaintiff filed his complaint and an application to proceed *in forma pauperis* on 21 June 2021.  *See* Compl.; Pl.'s IFP App.  On 23 August 2021, the government filed its motion to dismiss.  *See* Def.'s Mot. Dismiss ("Gov't MTD"), ECF No. 11.  Plaintiff filed his "Response to Defendant's Motion to Dismiss/52.1 Motion" on 7 September 2021.  *See* Pl.'s MTD Resp.  On 24 September 2021, the government filed its reply in support of its motion to dismiss.  *See* Def.'s Reply Supp. Mot. Dismiss ("Gov't MTD Reply"), ECF No. 13.  The Court granted plaintiff's application to proceed *in forma pauperis* and ordered supplemental briefing on the government's motion to dismiss on 15 December 2021.  *See* Order, ECF No. 14.  The government filed its supplemental brief, ECF No. 15, on 13 January 2022, and plaintiff filed his supplemental brief, ECF No. 16, on 10 February 2022.

## II.  Parties' Arguments on the Government's Motion to Dismiss

### A.  Government's Arguments

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the government moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction.  Gov't MTD at 1.  The government argues the Court lacks subject matter jurisdiction over plaintiff's claims because:  (1) the Court lacks jurisdiction to hear veterans benefit claims; (2) the Court lacks jurisdiction to hear due process claims; (3) plaintiff fails to identify a money-mandating constitutional provision or statute allowing the Court to exercise

jurisdiction; and (4) RCFC 52.1 has no bearing on this Court's jurisdictional requirements. *See id.* at 2–3; Gov't MTD Reply at 2.

First, the government argues plaintiff's "veterans benefit . . . claim falls outside this Court's jurisdiction" because "'Congress created an elaborate, special remedial scheme to handle claims regarding veterans benefits.'" Gov't MTD at 2–3 (quoting *Prestidge v. United States*, 611 F. App'x 979, 982 (Fed. Cir. 2015)). In this special remedial scheme, the government asserts, "[t]he Court of Federal Claims is not part of th[e] process." *Id.* at 3. Instead, the "scheme requires an individual appealing a decision by the VA to go first to the [VA Board], then to the Court of Appeals for Veterans Claims, and finally to the Court of Appeals for the Federal Circuit." *Id.* (citing *Estate of Smallwood v. United States*, 130 Fed. Cl. 395, 399–400 (2017)). The government contends "'[a]n appeal to the Veterans Court is the exclusive judicial remedy for the denial of a veteran's benefits, thereby preempting Tucker Act jurisdiction over the plaintiff's claims.'" *Id.* (quoting *Sindram v. United States*, 130 F. App'x 456, 458 (Fed. Cir. 2005)). The government distinguishes Mr. Dansby's claim from a dispute over military disability retirement under 10 U.S.C. §§ 1201 and 1204—which this Court would have jurisdiction over—because Mr. Dansby's claim concerns a determination by the VA. Def.'s Supp. Br. at 1–2, ECF No. 15. Review of such decisions, the government asserts, is reserved for the Court of Veterans Appeals with limited appellate review provided by the Court of Appeals for the Federal Circuit. *Id.* at 2 (citing 38 U.S.C. § 7292(c)).

Second, the government argues "[t]he constitutional guarantee of due process does not provide a money-mandating right enforceable in the Court of Federal Claims." *Id.* (citing *Bailey v. United States*, No. 15-09C, 2015 WL 4505915, at *3 (Fed. Cl. July 23, 2015)). "Nor does [plaintiff's] claim that the [VA Board's] denial of [plaintiff's] appeal is a 'denial of due process' entitle him to any money damages." *Id.* (quoting Compl. at 2). Thus, the government argues the Court lacks jurisdiction over plaintiff's due process allegations. *See* Gov't MTD at 3–4.

Third, the government argues plaintiff "fails to identify any other money-mandating statutes or constitutional provisions that would allow this Court to exercise jurisdiction over the complaint." *Id.* at 3. Without "identify[ing] any statutes that would entitle him to money damages[,]" the government asserts the Court lacks subject matter jurisdiction. *Id.*

Fourth, the government argues "[i]nvoking [RCFC] 52.1 . . . does not change th[e] jurisdictional requirement" of this Court. Gov't MTD Reply at 2. "While [RCFC] 52.1 generally applies to decisions by an agency," the government contends plaintiff instead "seeks relief from the Veteran's Court." *Id.* As a consequence, the government asserts "[s]uch appeals are outside of this Court's jurisdiction . . . ." *Id.*

## B. Plaintiff's Arguments

Plaintiff argues his claim is "filed pursuant to the Tucker Act for violation of the Constitution, Acts of Congress[,] and regulations of an Executive Department of the United States." Compl. at 1. He argues this Court has subject matter jurisdiction over his claims because: (1) 10 U.S.C. §§ 1201 and 1204 (2018) are money-mandating provisions; and (2)

RCFC 52.1 allows the Court to review decisions of the military correction board based upon an administrative record.[1]  *See id.*; Pl.'s MTD Resp. at 2–3.

First, plaintiff argues "[i]t is well established that section[s] 1201 and 1204 of title 10 of the United States [C]ode . . . are money-mandating statutes."  Pl.'s MTD Resp. at 2 (citing *Pipes v. United States*, 791 F. App'x 910, 916 (Fed. Cir. 2019) ("Federal Circuit *Pipes*"); *Fisher v. United States*, 402 F.3d 1167, 1174 (Fed. Cir. 2005)).  Thus, plaintiff contends, "this Court has jurisdiction over [his] claims[,]" because he is "seeking money relief[.]"  *Id.*  (citing *Hassay v. United States*, 150 Fed. Cl. 467 (2020)).  Plaintiff also acknowledged "'[a]n appeal to the Veterans Court is the exclusive judicial remedy for the denial of a veteran's benefits, thereby preempting Tucker Act jurisdiction over the plaintiff's claims.'"  *Id.* (quoting *Prestidge*, 611 F. App'x at 982).

Second, plaintiff argues "the [government] has opened the door of the Court for a ruling of [RCFC] 52.1 . . . .  Therefore, the Court has subject matter jurisdiction over [his] veterans benefit claim under [RCFC] 52.1."  *Id.*  He argues, under RCFC 52.1, "[t]he Court reviews the administrative record to determine whether a board's decision is arbitrary, capricious, unsupported by evidence, or contrary to law."  *Id.* at 3.  Thus, plaintiff asserts the Court has subject matter jurisdiction because he "moves the Court pursuant to [RCFC] 52.1 . . . to review the administrative record of [his] complaint."  *Id.*  Without citing any additional constitutional or statutory provisions, plaintiff contends the Court has subject matter jurisdiction over his claims "as there are just and equitable causes."  Pl.'s MTD Resp. at 4.

## III. Legal Standard of the Government's Motion to Dismiss

### A. Subject Matter Jurisdiction

In considering a motion to dismiss for lack of subject matter jurisdiction, "a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "and draw all reasonable inferences in favor of the plaintiff."  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  "If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."  *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (per curiam) (citing RCFC 12(h)(3)).

The Court of Federal Claims is a court of limited jurisdiction.  *Jentoft v. United States*, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing *United States v. King*, 395 U.S. 1, 3 (1969)).  Under the Tucker Act,

---

[1] Plaintiff did not initially argue the Court had jurisdiction under RCFC 52.1 in his complaint.  *See* Compl.  Instead, plaintiff first raised his RCFC 52.1 theory of jurisdiction in his response to the government's motion to dismiss.  *See* Pl.'s MTD Resp. at 2–3.  Nonetheless, the Court will fully consider plaintiff's assertion of jurisdiction under RCFC 52.1 *infra*.

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2018).  In order for a constitutional or statutory provision to provide the Court with jurisdiction under the Tucker Act, "the provision must be money[-]mandating in the sense that it contemplates the payment of money damages for its violation." *Cunningham v. United States*, 479 F. App'x 974, 975 (Fed. Cir. 2012) (per curiam) (citing *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998)).  "[A] plaintiff seeking recovery against the Government in the Court of Federal Claims must point to a money-mandating constitutional provision, statute, regulation, or contract with the United States affording it a right to money damages[,]" or else the Court lacks sufficient jurisdiction to hear plaintiff's claims.  *Bibbs v. Untied States*, No. 99-5117, 2000 WL 27901, at *2 (Fed. Cir. Jan. 11, 2000) (citing *United States v. Mitchell*, 463 U.S. 206 (1983)).

### B. *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers.").  Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).  The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  If a petitioner acts *pro se* in the drafting of her pleadings, it "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## IV. Analysis of the Court's Jurisdiction Over Plaintiff's Claims

### A. Jurisdiction Over Plaintiff's Veterans Benefit Claims

Plaintiff alleges the VA's "violations are affecting [his] [m]ilitary [d]isability [r]etirement [p]ay[,] as established under[] section[s] 1201 and 1204 of Title 10 of the United States Code." Compl. at 1.  Plaintiff contends "this Court has jurisdiction over [his] claims seeking money relief" because "[i]t is well established that section[s] 1201 and 1204 . . . are money-mandating." Pl.'s MTD Resp. at 2 (citing Federal Circuit *Pipes*, 791 F. App'x at 916; *Fisher*, 402 F.3d at 1174).  In his response to the government's motion to dismiss, plaintiff cited Federal Circuit decisions *Pipes* and *Fisher*—standing for the proposition "that section[s] 1201 and 1204 . . . are money-mandating." *Id.*  The government responds by noting the cases Mr. Dansby cites all concern military retirement board decisions—not decisions concerning VA benefits made by the VA.  Def.'s Supp. Br. at 1.  Decisions concerning VA benefits, the government argues, are only

reviewable by the Court of Veterans Appeals with limited appellate review by the Court of Appeals for the Federal Circuit. *Id.* at 2 (citing 38 U.S.C. § 7292(c)).

Section 1201 contemplates when retirement determinations—for disability or otherwise—may be made for members of the Armed Forces on active duty for longer than thirty days. *See* 10 U.S.C. § 1201 (2018). Section 1204 discusses the requirements for discretionary retirement determinations of physically disabled members of the Armed Forces on active duty for less than thirty days or on inactive-duty training. *See* 10 U.S.C. § 1204 (2018). These statutes say nothing of VA benefits and VA decisions concerning those benefits. *See* 10 U.S.C. §§ 1201, 1204 (2018). On the contrary, Congress has created a separate scheme to handle claims regarding veterans' benefits. *Prestidge v. United States*, 611 F. App'x 979, 982–83 (Fed. Cir. 2015) ("Congress created an elaborate, special remedial scheme to handle claims regarding veterans benefits. That scheme displaces the Tucker Act to whatever extent the Tucker Act might otherwise have applied to [the plaintiff's] claims to statutory benefits.") (citations omitted)). Title 38 U.S.C. § 7252(a) (2018) grants exclusive jurisdiction to review decisions of the Board of Veterans' Appeals in the Court of Appeals for Veterans Claims. The Federal Circuit has limited jurisdiction to review questions of law in a Court of Appeals for Veterans Claims decision. 38 U.S.C. § 7292(a) (2018).

Plaintiff alleges the VA made benefit determinations based on erroneous information about his discharge status and that the VA has refused to make necessary corrections to those determinations. Compl. at 2–3. Specifically, plaintiff alleges the VA Board refused to hear his appeal regarding a different effective date for his disability. Compl. at 2. Plaintiff fails to allege facts suggesting a violation of the statutory requirements for a retirement determination under §§ 1201 or 1204.

This action is similar to *Prestidge*, where the plaintiff alleged: "he [was] not . . . appropriately compensated for disabilities incurred in service, . . . the VA committed '[c]lear [and] [u]nmistakable [e]rror (CUE)' in processing his disability-benefit claims, and . . . the government breached his enlistment contract by failing to provide appropriate care and disability compensation." *Prestidge*, 611 F. App'x at 981. Mr. Prestidge also grounded his claim in the theory that "his enlistment contract [w]as th[e] source for his claims regarding denial of adequate medical care." *Id.* at 982; *see id.* at 981 ("On appeal, Mr. Prestidge emphasizes that his claim is based on breach of his enlistment contract."). Like *Prestidge*, this action challenges a determination by the VA for VA benefits despite being couched in terms of an enlistment contract. Pl.'s Supp. Br. at 2, ECF No. 16; Compl. at 2–3. The Federal Circuit in *Prestidge* rejected the plaintiff's argument that his claim came within the Tucker Act and held the Court of Federal Claims lacks jurisdiction over VA benefit determinations because "Congress created an elaborate, special remedial scheme to handle claims regarding veterans benefits." *Prestidge*, 611 F. App'x at 982. "That scheme displaces the Tucker Act to whatever extent the Tucker Act might otherwise have applied to [plaintiff's] claims to statutory benefits." *Id.* at 982–83 (citations omitted).

The cases plaintiff cites are inapposite—none of them involve a determination by the VA concerning a service member's VA benefits. *Fisher*, 402 F.3d at 1170 (reviewing a determination affecting retirement pay made by the Air Force Board for Correction of Military

Records ("AFBCMR")); *Pipes v. United States*, 134 Fed. Cl. 380, 386 (2017) (reviewing a determination by the AFBCMR affecting compensation and other benefits under § 1204); *Barnick v. United States*, 591 F.3d 1372, 1374 (Fed. Cir. 2010) (reviewing a decision of the AFBCMR denying plaintiff back pay and disability benefits); *Walls v. United States*, 582 F.3d 1358, 1362–63 (Fed. Cir. 2009) (reviewing improper transfer and military pay decisions of the Board of Correction for Naval Records); *Chappell v. Wallace*, 462 U.S. 296, 305 (1983) (reviewing a district court claim against a superior officer for constitutional violations). Thus, the Court concludes plaintiff's claim falls within the special remedial scheme Congress created for that purpose and is outside this Court's jurisdiction. *Prestige*, 611 F. App'x at 982–83.

### B. Jurisdiction Over Plaintiff's Due Process Claims

Plaintiff broadly alleges due process violations occurred when he requested a verbatim transcript of an administrative discharge hearing in February 1983 where the VA Board denied hearing his appeal regarding his discharge status, and the VA refused to make corrections to his disability designation. *See* Compl. at 2–3. Plaintiff argues the myriad of due process violations are "affecting [his] [m]ilitary [d]isability [r]etirement [p]ay" "in violation of the statutes and the law." *Id.* at 1, 3.

The ability of the Court of Federal Claims to entertain suits against the United States is limited, and the waiver of sovereign immunity by the United States "may not be inferred, but must be 'unequivocally expressed.'" *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "The Tucker Act . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). Alleged violations of due process do not supply the Court with jurisdiction because "the Due Process Clauses of the Fifth and Fourteenth Amendments . . . do not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *see Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) ("The Court of Federal Claims ordinarily lacks jurisdiction over due process claims under the Tucker Act . . . ." (citing § 1491)). Since plaintiff's numerous alleged due process violations do not create any substantive right remedied by payment of money damages, it is well settled this Court lacks subject matter jurisdiction. *See LeBlanc*, 50 F.3d at 1028; *Norman*, 429 F.3d at 1095. For these reasons, the Court grants the government's motion to dismiss as to plaintiff's due process claims.

### C. Jurisdiction Over Other Alleged Violations of Statutes and the Law

In addition to asserting subject matter jurisdiction under "section[s] 1201 and 1204 of the United States [C]ode[,]" Pl.'s MTD Resp. at 2, plaintiff summarily alleges his injuries are "in violation of the statutes and the law." *See* Compl. at 3. Plaintiff contends the Court has subject matter jurisdiction over his claims "as there are just and equitable causes." Pl.'s MTD Resp. at 4.

"[T]he Court of Federal Claims 'is a court of specific civil jurisdiction . . . and requires a money[-]mandating act to confirm jurisdiction." *Johnson v. United States*, 411 F. App'x 303, 305 (Fed. Cir. 2010) (per curiam) (quoting *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)).  The Court's jurisdiction "is derived from the underlying substantive law that is the subject of a suit." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006) (citing *Samish Indian Nation v. United States*, 419 F.3d 1355, 1364 (Fed. Cir. 2005)).  Plaintiff "bears the burden of establishing the court's jurisdiction over [his] claims by a preponderance of the evidence." *Trusted Integration, Inc.*, 659 F.3d at 1163.

The government notes plaintiff "fails to identify any other money-mandating statutes or constitutional provisions that would allow this Court to exercise jurisdiction over the complaint." Gov't MTD at 3.  After an exacting review of plaintiff's filings, the Court cannot identify a money-mandating constitutional or statutory provision equipping it with proper jurisdiction.  *See* Compl.; Pl.'s MTD Resp.  For these reasons, the Court grants the government's motion to dismiss as to plaintiff's additional claims of "violation of the statutes and the law."  *See* Compl. at 3; *Johnson*, 411 F. App'x at 305 (quoting *Joshua*, 17 F.3d at 379).

### D. The Court's Jurisdiction Over Plaintiff's Claims Under RCFC 52.1

Plaintiff alleges the Court "reviews decisions of military correction board based upon the administrative record."  Pl.'s MTD Resp. at 2 (citation omitted).  Because plaintiff takes issue with the administrative record in the denial of his December 2020 VA appeal, *see* Compl. at 2, he "moves the Court . . . to review the administrative record of [his] complaint." Pl.'s MTD Resp. at 3.  He argues under RCFC 52.1, "[t]he Court reviews the administrative record to determine whether a board's decision is arbitrary, capricious, unsupported by evidence, or contrary to law"; thus, the Court has subject matter jurisdiction over his case.

RCFC 52.1 does not confer jurisdiction on the Court, but rather authorizes the Court to analyze an administrative record when reviewing an agency decision.  *See Grooms v. United States*, 113 Fed. Cl. 651, 667 n.5 (2014) (explaining RCFC 52.1 requires the Court to chiefly consider the administrative record upon review due to the unique nature of cases involving administrative records).  In particular, RCFC 52.1(a) states:  "[w]hen proceedings before an agency are relevant to a decision in a case, the administrative record of those proceedings must be certified by the agency and filed with the court."  "Cases filed in this court frequently turn only in part on action taken by an administrative agency[,]" Rules Committee Notes on RCFC 52.1, 2006 adoption; thus, the purpose of RCFC 52.1(a) is for the Court "to make factual findings . . . from the [administrative] record . . . ."  *Acevedo v. United States*, 216 F. App'x 977, 979 (Fed. Cir. 2007) (per curiam).  RCFC 52.1(c)(1) further states:  "a party may move for partial or other judgment on the administrative record . . . ."  "A motion for judgment on the administrative record under RCFC 52.1 provides a procedure for parties to seek the equivalent of an expedited trial on a 'paper record, allowing fact-finding by the trial court.'"  *Young v. United States*, 497 F. App'x 53, 58–59 (quoting *Bannum, Inc v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005)).  "Generally, RCFC 52.1 limits this Court's review of an agency's . . . decision to the administrative record."  *Iron Bow Techs., LLC v. United States*, 136 Fed. Cl. 519, 529 (2018) (citing RCFC 52.1).

Nothing in RCFC 52.1 provides the Court with jurisdiction over plaintiff's claims. *See* RCFC 52.1. The Rule simply allows the Court to review a pertinent administrative record in a case once the Court's jurisdiction is established. *See id.*; *Acevedo*, 216 F. App'x at 979; *Iron Bow Techs., LLC*, 136 Fed. Cl. at 529. Therefore, because RCFC 52.1 does not provide the Court with jurisdiction absent some other money-mandating constitutional provision or statute, plaintiff's theory of jurisdiction under RCFC 52.1 must fail. *See Acevedo*, 216 F. App'x at 979; *Young*, 497 F. App'x at 58–59; *Iron Bow Techs., LLC*, 136 Fed. Cl. at 529.

## V.  Conclusion

The Court has considered all of plaintiff's arguments. To the extent not discussed specifically herein, they are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. Plaintiff fails to establish this Court has subject matter jurisdiction to decide this case. The Court **GRANTS** the government's motion to dismiss. The Clerk is **DIRECTED** to enter judgment dismissing plaintiff's complaint.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge